IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01810–RBJ–KMT

PAUL ISAAC POLLARD,

    Plaintiff,

v.

TOM CLEMANTS, in his official capacity as Executive Director of the Colorado Department of Corrections,
LIEUTENANT R. STEINBECK, in his official capacity as chair of the Administrative Review Board, at the Arkansas Valley Correctional Facility,
HENRY YBARRA, in his official capacity as a Social Worker and as a member of the Administrative Review Board at the Arkansas Valley Correctional Facility, and
LIEUTENANT MOLLY MARTINEZ, in her official capacity as a member of the Administrative Review Board at the Arkansas Valley Correctional Facility,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 6, filed Sept. 16, 2011 [Mot.].) Plaintiff filed his Response (Doc. No. 13) on October 24, 2011, and Defendants filed their Reply on November 7, 2011 (Doc. No. 23). Accordingly, this matter is ripe for the court's review and recommendation.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2003, while Plaintiff was housed at the Arkansas Valley Correctional Facility ("AVCF") of the Colorado Department of Corrections ("CDOC"), an Administrative

Review Board Hearing was held to determine whether a factual basis existed to categorize Plaintiff as a Sex Offender pursuant to the CDOC's Sex Offender classification system. (Compl., Doc. No. 1, ¶ 13.) The Administrative Review Board, made up of Defendants Steinbeck, Ybarra, and Martinez (*id.* ¶¶ 5-7), concluded that Plaintiff should be categorized as a "Sex Offender S-4"—notwithstanding the fact that Plaintiff was found not guilty of the only sex-related charge brought against him in his underlying criminal trial (*id.* ¶¶ 10-11, 14). Plaintiff denies his status as a sex offender; therefore, among other adverse consequences, Plaintiff is unable to participate in the CDOC's sex offender treatment program, which affects his eligibility for earned time awards and parole. (*Id.* ¶¶ 15-18.)

Based on these facts, Plaintiff alleges two claims for relief pursuant to 42 U.S.C. § 1983. His first claim alleges that Defendants have intentionally deprived and continue to deprive Plaintiff of a fair and equal Administrative Review Hearing determination regarding his classification as a sex offender in violation of his Fourteenth Amendment Due Process and Equal Protection rights. (*Id.* ¶ 31.) Plaintiff's second claim alleges that Defendants' reliance "on an acquittal by jury of a sexual assault charge to classify Plaintiff as a Sex Offender (S-4)" violated his Fourteenth Amendment procedural due process rights. (*Id.* ¶ 32.)

## LEGAL STANDARD

In their Motion, Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot.) Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential

evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendants maintain that Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred by the statute of limitations and the doctrines of collateral estoppel and *res judicata*. (Mot. at 3-10.) Defendants also maintain that Plaintiff's equal protection claim fails to state a claim upon which relief can be granted. (*Id.* at 10.) Because the court agrees that Plaintiff's claims are barred by the applicable statute of limitations, the court does not address Defendants remaining arguments.[1]

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010)

---

[1] While the court declines to address Defendants' remaining arguments, it does not overlook the fact that Plaintiff brought a prior lawsuit challenging the January 29, 2003 Administrative Review Board Hearing and his classification as a sex offender. *See Pollard v. Soares,* No. 09-cv-00106-REB-KLM.

(quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)); *Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008).

"[L]imitations periods in § 1983 claims are to be determined by reference to the appropriate state statute of limitations." *Hardin v. Straub,* 490 U.S. 536, 539 (1989); *Baker v. Bd. of Regents,* 991 F.2d 628, 632-33 (10th Cir. 1993) ("The length of a statute of limitations period and related questions of tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or policy."). In Colorado, actions brought under § 1983 are governed by the two-year statute of limitations codified at Colo. Rev. Stat. § 13-80-102(g). *Riel v. Reed,* 760 F. Supp. 852, 854-55 (D. Colo. 1991) (citations omitted); Colo. Rev. Stat. § 13-80-102(g) ("The following civil actions . . . shall be commenced within two years after the cause of action accrues, and not thereafter: all actions upon liability created by a federal statute where no period of limitations is provided in said federal statute.")

While state law governs the limitations period applicable to § 1983 claims, federal law specifies when a § 1983 claim accrues. *Newcomb v. Ingle,* 827 F.2d 675, 678 (10th Cir. 1987) (citations omitted); *Baker,* 991 F2d 628, 632 (10th Cir. 1993). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998). The plaintiff "need not know the full extent of his injuries before the statute of limitations begins to run." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (citations omitted). Additionally, "it is not

5

necessary that the claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker*, 991 F.2d at 632.

Here, Plaintiff alleges that his constitutional rights were violated as a result of the January 29, 2003 Administrative Review Board Hearing that precipitated his classification as a sex offender. (*See* Compl.) Because Plaintiff plainly believes that he did not deserve to be classified as a sex offender, he knew or should have known that his constitutional rights were allegedly violated when he was so classified at the Administrative Review Board Hearing. *See Medina v. Colo. Dept. of Corrs.,* 08-cv-02654-REB-KMT, 2010WL 537762, at *5 (D. Colo. Feb. 16, 2010) (concluding that § 1983 claims accrued on the date of the hearing at which the plaintiff was classified as a sex offender because it would put a reasonable person who believed he was undeserving of such a classification on notice that alleged wrongful conduct occurred). Therefore, the court finds that Plaintiff's claims accrued on January 29, 2003. Plaintiff's Complaint was filed well over two years after that date.

Plaintiff does not dispute that his claims accrued on January 29, 2003. Instead, Plaintiff maintains that his claims are timely under the continuing violations doctrine. "The continuing violation doctrine permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). However, the Tenth Circuit has yet to decide whether the continuing violations doctrine applies to claims brought under § 1983. *Id.; see also Brock v. Herbert,* 435 F. App'x 759, 762 n.5 (10th Cir. 2011); *Fogle v. Slack,* 419 Fed. App'x 860, 864 (10th Cir. 2011).

Even if the court assumes that the continuing violation doctrine is available in § 1983 actions, the court finds that it does not save Plaintiff's claims. More specifically, the continuing violations doctrine does not apply where a single, discrete act has continuing consequences. *Fogle,* 419 F. App'x 864-865. Here, although Plaintiff's classification as a sex offender may have continuing consequences, insofar as he remains classified as a sex offender, there can be no doubt that classification was premised on a discrete event—the January 29, 2003 Administrative Review Board Hearing. Therefore, the court finds that the continuing violation is inapplicable to Plaintiff's claims and that Plaintiff's claims are barred by the statute of limitations. Accordingly, the court finds that Defendant's Motion to Dismiss is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 6) be GRANTED and Plaintiff's Complaint be dismissed with prejudice as barred by the applicable statute of limitations.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of May, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge

8