IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-1810-RBJ-KMT

PAUL ISAAC POLLARD

      Plaintiff.

v.

TOM CLEMANTS, in his official capacity as Executive Director of the Colorado Department of
Corrections,
LIUTENANT R. STEINBECK, in his official capacity as chair of the Administrative Review
Board, at the Arkansas Valley Correctional Facility,
HENRY YBARRA, in his official capacity as a Social Worker and as a member of the
Administrative Review Board at the Arkansas Valley Correctional Facility, and
LIUTENANT MOLLY MARTINEZ, in her official capacity as a member of the Administrative
Review Board at the Arkansas Valley Correction Facility,

      Defendants.

---

ORDER

---

      This matter is before the Court on defendants' motion to dismiss and a magistrate judge's

recommendation that the motion be granted.  Mr. Pollard filed a timely objection to the

recommendation.  All matters are fully briefed and ripe for review.

**Facts**

      Mr. Pollard is a prisoner at the Sterling Correctional Facility in Sterling, Colorado.

Complaint [#1] at ¶9.  On May 9, 2000 Mr. Pollard was found guilty of "possession of a

controlled substance" in case no. 1999CR3101.  *Id.* at ¶¶10, 13.  Mr. Pollard had also been

charged with, among other things, sexual assault, but he was found not guilty on that count. *Id.* at ¶10.

On January 29, 2003 an Administrative Review Board at the Arkansas Valley Correctional Facility, where Mr. Pollard was housed, held a hearing to determine whether there was a sufficient factual basis for the prison to categorize Mr. Pollard as a "sex offender" within the meaning of C.R.S. § 16-11.7-102 (any person who "has a history of any sex offenses as defined in subsection (3) of this section"). *Id.* at ¶13. Defendants Steinbeck, Ybarra, and Martinez were the members of the Administrative Review Board. The Board determined, allegedly based solely on the contents of a presentence investigation report, that he would be classified as a sex offender.

Mr. Pollard's classification requires that he undergo sex offender treatment within the prison. *Id.* at ¶15. However, Mr. Pollard is not permitted to participate in treatment unless he admits to committing an unlawful sexual offense, which he will not do. *Id.* at ¶17. As long as Mr. Pollard denies his status as a sex offender he will be unable to participate in the sex offender program, which in turn renders him ineligible to receive a full earned time award and will result in revocation of parole once he has completed his period of incarceration and is placed on parole. *Id.* at ¶¶15-18.

On or about February 28, 2003 Mr. Pollard, through counsel, sought judicial review of his classification as a sex offender in the Crowley County district court pursuant to Rule 106(4) of the Colorado Rules of Civil Procedure. [#6-1].[1] He argued, among other things, that "the so-

---

[1] Defendants submitted pleadings concerning the 2003 state court action as exhibits to the motion. Motions to dismiss for failure to state a claim on which relief could be granted are ordinarily decided solely on the four corners of the complaint. If matters outside the pleadings are presented, they are either excluded by the court or are deemed to convert the motion to a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Neither the parties nor the magistrate judge have questioned the procedural propriety of defendants' exhibits. Because they consist of public filings in a state court civil action, this Court will take judicial notice of them, as well as Mr. Pollard's first

called hearing that petitioner received and the resulting classification of petitioner as a sex offender deprived petitioner of his constitutional right to due process." *Id.* ¶10.  However, in a written order issued March 8, 2007 the court ruled against him, concluding, among other things, that "the written decision of the board is sufficient for due process."  Order [#6-2] at 5.

In 2009 Mr. Pollard, representing himself, filed his first federal court complaint concerning his classification.  *Pollard v. Soares,* no. 09CV106.  Naming the three members of the Administrative Review Board and several other individuals as defendants, he asserted constitution claims based upon (1) due process, (2) cruel and unusual punishment, (3) original jurisdiction; and (4) self-incrimination.  Amended Complaint [#6-3].  As in the present case, defendants moved to dismiss and the motion was referred to a magistrate judge.  One of the three members of the Administrative Review Board (Ybarra) based his motion on the doctrines of res judicata and collateral estoppel, claiming that Mr. Pollard's due process claim against him had already been addressed in the state court proceeding.  The court, by Magistrate Judge Mix agreed, and *sua sponte* determined that claim preclusion doctrines also barred Mr. Pollard's due process claims against the other Board members (Martinez and Steinbeck) as well as the prison's warden (Soares).  Amended Recommendation of United States Magistrate Judge [# 6-6] at 12. Judge Mix also analyzed Mr. Pollard's other claims, determined that none of them was meritorious, and recommended that the motion to dismiss be granted in its entirety against all defendants.  *Id.* at 26-27.  This Court, by Judge Blackburn, adopted the recommendation and dismissed the case in an order issued on February 18, 2010.  [#6-7], reported at 2010 WL 582370.

---

federal court suit, discussed below.  Whether the pending motion is treated as a motion to dismiss or a motion for summary judgment is inconsequential to the outcome.

Mr. Pollard has once again challenged his allegedly wrongful classification as a sex offender in the present case, filed July 12, 2011. [#1].  Pursuant to 42 U.S.C. §1983 Mr. Pollard alleges that (1) defendants did not provide a fair and equal administrative review hearing before classifying him as a sex offender and, therefore, violated due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution; and (2) defendants' reliance on an acquittal of a sexual assault charge to classify him as a sex offender violated his Fifth and Fourteenth Amendment due process rights.

On September 16, 2011 defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [#6].  On May 23, 2012 Magistrate Judge Tafoya issued a Report and Recommendation agreeing with defendants and recommending that Mr. Pollard's claims be dismissed [#30].  On June 11, 2012 Mr. Pollard filed an objection to the Recommendation [#33].

**Standard**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*

**Conclusions**

Defendants argue that Mr. Pollard's complaint should be dismissed because (1) it is barred by the statute of limitations; (2) it is also barred by the doctrines of collateral estoppel and res judicata; and (3) the equal protection claim fails to state a claim on which relief could be granted, because Mr. Pollard has not alleged that he was treated differently from similarly situated individuals.  Magistrate Judge Tafoya concluded that Mr. Pollard's claims were barred

by the applicable statute of limitation and did not address the remaining arguments.  The statute

of limitations issue was, therefore, the only issue addressed in Mr. Pollard's objection to the

recommendation.  Accordingly, I address the statute of limitations and, because I agree that it

bars plaintiff's claims, I do not address defendants' other grounds for dismissal.

Preliminarily, I agree with the magistrate judge that while the statute of limitations is an

affirmative defense, it can be addressed on a motion to dismiss if it is clear from the complaint

that a claim is barred.  *See, e.g., Aldrich v. McColloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4

(10th Cir. 1980).

The statute of limitations period for a claim brought under §1983 is determined by

"reference to the appropriate state statute of limitation and the coordinate tolling rules."  *Fogle v.

Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citing *Hardin v. Straub*, 490 U.S. 536, 539

(1989)).[2]  Pursuant to Colo. Rev. Stat. § 13-80-102(g), "[t]he following civil actions… shall be

commenced within two years after the cause of action accrues, and not thereafter: … (g) all

actions upon liability created by a federal statute where no period of limitations is provided in

said federal statute."  The Tenth Circuit has also stated that "the statute of limitations for §1983

actions brought in Colorado is two years from the time the cause of action accrued."  *Fogle*, 435

F.3d at 1258 (citing *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993)).  In a §1983

action the claim accrues when "the plaintiff knows or should have known that his or her

constitutional rights have been violated."

Mr. Pollard's claim accrued on January 29, 2003 when the Administrative Review Board

classified him as a sex offender.  He knew, or should have known, at that time that his

---

[2] There is a federal statute of limitations that was enacted at least in part to avoid the problem of applying different state statutes of limitation to federal claims.  28 U.S.C. § 1658.  *See Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004).  However, it does not apply to this § 1983 claim.  *See, e.g., Laurino v. Tate,* 220 F.3d 1213, 1217 (10th Cir. 2000).

constitutional rights had been violated.  Indeed, the fact that he filed a state court action one

month later, asserting among other things a violation of his due process rights, confirms that he

was aware when the administrative action occurred or very shortly thereafter that his

constitutional rights had allegedly been violated.

The present case was filed on July 12, 2011, more than eight years later.  In his response

to the motion to dismiss, and in his objection to the magistrate judge's recommendation, Mr.

Pollard argues that his action is nevertheless timely, because he is the victim of a "continuing

violation."  Specifically, he argues that because of his classification as a sex offender, he

continues on an ongoing daily basis to lose earned time credits which would shorten his

sentence.

In *Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537 (10th Cir. 1987), the court held that

"[a] claim of age discrimination, however, may be based on a continuing policy and practice of

discrimination that began before the statutory filing period, as long as the employer continues to

apply the discriminatory policy and practice to a point within the relevant filing period, and

plaintiff is not merely complaining of the continuing effects of a discriminatory practice that

existed only before the relevant filing period.  There must be at least one instance of the

discriminatory practice within the filing period for the continuing violation theory to apply."  *Id.*

at 1543.  I will assume, without deciding, that this continuing violation doctrine can be applied to

a §1983 claim.  *See Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).

I do not, however, agree with Mr. Pollard that the continuing violation doctrine can

rescue his complaint here.  The allegedly unconstitutional act occurred only once, in 2003, when

the Administrative Review Board determined that Mr. Pollard would be classified as a sex

offender.  Mr. Pollard's inability to obtain and successfully to complete sex offender treatment

because of his refusal to admit that he committed a sex offense, and the consequent loss of earned time credits, are the continuing effects of that determination.  I agree with Judge Blackburn's analysis of essentially the same issue in *Romero v. Lander,* no. 09CV2388, 2011 WL 662761, at *2-3 (D. Colo. Feb. 14, 2011).  Accordingly, Mr. Pollard's claims are barred by the statute of limitations.

**Order**

Magistrate Judge Tafoya's Report and Recommendation [#30] is ADOPTED and AFFIRMED.  Defendants' Motion to Dismiss [#6] is GRANTED.  The Court enters its final judgment dismissing this civil action and all claims therein with prejudice.  The defendants are awarded their costs to be taxed by the Clerk of the Court pursuant to Fec. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 20th day of July, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge